UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOHN FREDERICK CLARK,**

 Plaintiff,

v.              Case No: 5:14-cv-172-Oc-22PRL

**OCALA NATIONAL FOREST**

 Defendant.

**REPORT AND RECOMMENDATION[1]**

  Pending before the Court is Plaintiff's Motion For Leave To Proceed *In Forma Pauperis*. (Doc. 2.) For the reasons discussed below, it is recommended that Plaintiff's Motion be **DENIED** without prejudice and that Plaintiff's Complaint be **DISMISSED** with leave to amend.

  Plaintiff, John Frederick Clark, has filed a *pro se* Complaint against the Ocala National Forest, alleging violations of his rights under the Fourteenth Amendment. (Doc. 1). As best as can be discerned from the *pro se* Complaint (Doc. 1), Plaintiff's claims arise from his family's use of camping facilities near Lake Dorr, in the Ocala National Forest. Plaintiff alleges that a park ranger failed to explain the camp rules, and that the rules discriminate between tent campers and campers in trailers in that trailer campers are afforded a much longer stay. Plaintiff alleges this is a hardship for his daughter who has health problems requiring modern toilet facilities. Plaintiff further alleges that the purported reason for the rules, i.e., bear safety, is false and

---

[1]  Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

- 2 -

misleading.  Plaintiff contends he and his family are "under a cloud of eviction" that hampers their enjoyment of the National Forest.  (Doc. 1).

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed.  Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted.  Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief.  *Tigner v. Internal Revenue Service*, No.1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief."

Here, Plaintiff has failed to state a cause of action upon which relief may be granted. Plaintiff purports to assert claims under the Fourteenth Amendment, presumably under 42 U.S.C. § 1983, which "provides a cause of action for the deprivation of any rights, privileges or immunities secured by the Constitution and laws by any person acting under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory."  *Gomez v. Toledo*, 446 US 635, 638 (1980) (quoting 42 U.S.C. §1983).  Plaintiff must clearly allege the basis of his §1983 claims, which he has failed to do.

Plaintiff names as defendant the Ocala National Forest.  The Ocala National Forest is managed by the United States Forest Service, an agency of the United States.  Thus, the real party in interest is the United States.  *State of Florida, Dept. Of Bus. Regulation v. United States Dept. of Interior*, 768 F.2d 1248, 1251-53 (11th Cir.1985).  The United States, including its

agencies, are absolutely immune from suit unless the United States consents to waive the immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). "It is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes." *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir.1982) (considering §§ 1981 and 1982). Further, "[w]ith respect to § 1983, the statute has no application to the actions of the federal government or its officers acting under color of federal law, but is instead confined to deprivations under color of state law." *Nicholson v. Johanns*, 511 F.Supp.2d 1193, 1195 (S.D.Ala.2007) (citations omitted). Therefore, the federal government has not waived sovereign immunity since "§ 1983 on its face does not and cannot apply to the actions of the federal government." *Id*.

The Fourteenth Amendment is only directed at the states and "can be violated only by conduct that may be fairly characterized as state action." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 924, 102 S.Ct. 2744, , 2747, 73 L.Ed.2d 482, L.Ed.2d (1982); see also *District of Columbia v. Carter*, 409 U.S. 418, 423, 93 S.Ct. 602, 605-06, 34 L.Ed.2d 613 (1973) ("[T]he commands of the Fourteenth Amendment are addressed only to the State or to those acting [under] color of its authority."). Plaintiff has not alleged that there was any state action by the Forest Service, thus his Complaint brought under the Fourteenth Amendment is due to be dismissed.

Moreover, the Court observes that Plaintiff's Affidavit of Indigency states that he received $15,330.00 in pensions, annuities or life insurance payments during the last twelve (12) months, although he states he currently has negative $70.00 in all accounts. (Doc. 2). It is therefore unclear whether Plaintiff is to make prepayment of the fees and costs of this action.

- 4 -

Even if this action were to proceed on an Amended Complaint, Plaintiff may not be entitled to proceed *in forma pauperis*.

Accordingly, it is respectfully **RECOMMENDED** that the Motion To Proceed In Forma Pauperis (Doc. 2) be **DENIED without prejudice** and that the Complaint (Doc. 1) be **DISMISSED** with leave to amend.

If this recommendation is followed, and Plaintiff subsequently files an Amended Complaint without paying the filing fee, Plaintiff is advised that he shall clarify, in a motion to proceed in forma pauperis, why he is unable to make prepayment of the fees for this action in light of his receipt of $15,330.00 during the past twelve (12) months.

**DONE** and **ORDERED** in Ocala, Florida on March 26, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

United States District Judge
Counsel of Record
Unrepresented Parties